IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,      :

    Plaintiff,             :

  v.                           :     Case No. 2:06-mj-0412

Jose A. Castellanos,           :     MAGISTRATE JUDGE KEMP

    Defendant.             :

### DETENTION ORDER

The above defendant appeared before the Court for a preliminary examination and detention hearing on October 16, 2006.  Following the hearing, the defendant was ordered detained without bond pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

The defendant was charged in a criminal complaint with the possession of cocaine with the intent to distribute it. According to the testimony of Paris Wilson, an agent of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, a confidential informant had learned that the defendant was reputedly trafficking in large amounts of cocaine.  The informant met with the defendant on two occasions, both of which were monitored by Agent Wilson, to discuss the delivery of cocaine. On a third occasion, on October 11, 2006, the informant met the defendant at the defendant's residence, and the defendant supplied 17 kilograms of cocaine to the informant.  The informant then delivered the cocaine to law enforcement agents.  The substance delivered by the informant was field-tested and proved positive for the presence of cocaine.  As a result, the defendant was arrested and charged with possessing with the intent to distribute.  The Court concluded that probable cause existed to

believe that he had committed the offense, which finding triggers a presumption that he is not entitled to be released on bond. The United States' request for detention was evaluated under the following legal standard.

<u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further,

because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community. That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States. Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Here, the evidence against the defendant is quite strong,

3

consisting of his delivery of a large quantity of cocaine to a confidential informant during a transaction which was recorded and monitored by law enforcement officials.  Further, he is facing a potentially lengthy jail sentence if convicted.

There was little in the Pretrial Services Report to rebut the presumption of detention which existed in this case.  The defendant does not appear to be either a citizen of the United States or lawfully in this country.  Rather, he is a citizen of Mexico.  His family ties are to Mexico.  He has no employment history in the United States and it is unclear how long he has been either in the United States or in the Columbus, Ohio area.  He may have been here for as long as five months, however, because he was arrested on a traffic violation in May of 2006.

Given the defendant's Mexican citizenship, his unknown immigration status, the lack of favorable information in the Pretrial Services Report, and the presumption of detention, the Court concluded that there were no conditions of release which would adequately safeguard against either a danger to the community or a risk of flight.  As a result, the defendant was detained without bond pending further proceedings.  He was advised of his right to seek review of this detention order by a United States District Judge pursuant to 18 U.S.C. §3145(b).


/s/ Terence P. Kemp
United States Magistrate Judge